IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY SURBER, #21030442,  )<br>　　　　Petitioner,　　　　　　　　) <br>vs.　　　　　　　　　　　　　　　)　　No. 3:21-CV-3203-X  (BH)<br>　　　　　　　　　　　　　　　　)<br>DIRECTOR,　　　　　　　　　　　)<br>Texas Department of Criminal　　)<br>Justice, Correctional Institutions Division, )<br>　　　　Respondent.　　　　　　　) Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the "Motion for Personal Recognizance Bond", received on March 3, 2022 (doc. 17).

Despite the "lack of specific statutory authorization," federal district courts have inherent power and jurisdiction to release prisoners, including state prisoners, on bail pending determination of a federal habeas corpus petition. *See In re Wainwright,* 518 F.2d 173, 174 (5th Cir.1975) (per curiam).[2]  In order to show entitlement to release pending determination of his habeas petition, a state prisoner must show he "has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary and exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam)[3]; *see also Nelson v. Davis,* 739 F. App'x 254 (5th Cir. 2018) (per curiam) (applying *Calley* standard to denial of bail pending determination of a state prisoner's §

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

[2]  In *Wainright*, the Fifth Circuit Court of Appeals "observe[d] without deciding that it that it is probably within the power of a United States magistrate [judge] to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action." *Id.* at n. 1 (citing 28 U.S.C. § 636(a)(1)).

[3]  The Fifth Circuit has noted that although *Calley* involved a habeas petitioner whose underlying conviction was in the military court system, it drew the legal standard in that case from *Aronson v. May*, 85 S.Ct. 3 (1964), which involved a civilian challenging his convictions in federal district court.  *See United States v. Pfluger,* 522 F. App'x 217, 218 n. 1. (5th Cir. 2013) (per curiam).

2254 petition); *Watson v. Goodwin,* 709 F. App'x 311 (5th Cir. 2018) (per curiam) (same); *Beasley v. Stephens*, 623 F. App'x. 192 (5th Cir. 2015) (same). *Nelson* noted that *Calley* set forth examples of "extraordinary circumstances" justifying release, including "'serious deterioration of the petitioner's health while incarcerated'; where a short sentence for a relatively minor crime is 'so near completion that extraordinary action is essential to make collateral review truly effective'; and possibly where there has been an 'extraordinary delay in processing a habeas corpus petition.'" 739 F. App'x at 255 (quoting *Calley*, 496 F.2d at 702 n.1).

Here, the petitioner has just complied with the order to pay the $5.00 filing fee for a habeas case or file an application to proceed *in forma pauperis* supported by the required certificate of inmate trust account. It appears that he seeks release from detention in the Tarrant County Jail unrelated to the Dallas County conviction he is challenging in his habeas petition. "Regardless of the merits of [the petitioner's] claims, on which the district court has not yet ruled, [he] has not shown the existence of any 'extraordinary or exceptional circumstances' necessitating his release on bond to make the post-conviction remedy effective." *United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. 2001) (*per curiam*). He has not alleged any exceptional or "extraordinary circumstances" such as those identified in *Calley*, or any similar or analogous circumstances.

The motion for release on bond is **DENIED**.

**SIGNED on this 4th day of March, 2022.**

                                                      IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE