IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY SURBER, #0908302,  )<br>　　　　Petitioner,　　　　　　) <br>　　　　　　　　　　　　　　) <br>vs.　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　) <br>DIRECTOR, Texas Department of Criminal ) <br>Justice, Correctional Institutions Division, ) <br>　　　　Respondent.　　　　　) | No. 3:21-CV-3203-X (BH)<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on February 10, 2022 (doc. 13), should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.   BACKGROUND

Johnny Surber (Petitioner), an inmate currently incarcerated in Tarrant County Jail, challenges his September 2018 sentences and convictions for evading arrest and for unauthorized use of a motor vehicle in Dallas County, Texas, under 28 U.S.C. § 2254.  (*See* doc. 13 at 2.)

On September 24, 2018, Petitioner pleaded guilty to evading arrest/detention with a vehicle and to unlawful use of a motor vehicle in Case Nos. F-1831462-I and F-1831463-I, respectively, in the Criminal District Court No. 2 of Dallas County, Texas, and was sentenced to concurrent terms of 4 years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID).  (*See id.* at 2-3); *State v. Surber*, No. 1831462-I, *Judgment of Conviction by Court—Waiver of Jury Trial* (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Sept. 24, 2018); *State v. Surber*, No. 1831463-I, *Judgment of Conviction by Court—Waiver of Jury Trial*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

(Crim. Dist. Ct. No. 2, Dallas Cnty., Tex. Sept. 24, 2018). He did not appeal either case, and he did not indicate that he filed a state application for a writ of habeas corpus. (*See* doc. 13 at 3.)

In his federal petition, Petitioner asserts four grounds:

(1) Tex Con. 1 §19;

(2) Tex Cons. 1 § 10;

(3) Texas Con 1 Sec 14 Double Jeopardy; and

(4) Tex con 1 § 13 Crule [sic] & Unusal [sic] Punishment [sic].

(doc. 13 at 6-7.)

## II.   EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, he must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or a state application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Deters*, 985 F.2d at 795).

A federal district court may raise the lack of exhaustion *sua sponte. Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair

opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals regarding his 2018 convictions and sentences. He acknowledges that he did not file a direct appeal and has not sought habeas corpus relief in state court. (*See* doc. 13 at 3). Public records also show that he has not appealed, and he has not filed any PDRs or state habeas applications in the Texas Court of Criminal Appeals on the challenged convictions or sentences.[2] *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search for Petitioner) (last visited Mar. 7, 2022). The Texas Court of Criminal Appeals has therefore not had a fair opportunity to consider the claims raised by Petitioner in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose,* 455 U.S. at 518 (stating that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). Accordingly, the § 2254 petition should be dismissed without prejudice for failure to exhaust his state remedies.

### III.   RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on February 10, 2022 (doc. 13), should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

---

[2] Petitioner filed an "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07" in this Court on December 21, 2021. (*See* doc. 3.) By notice of deficiency and order dated January 3, 2022, he was advised that this form is typically filed in the Court of Criminal Appeals of Texas, and that if he intended to file a petition for a writ of habeas corpus in federal court under § 2254, he did not file on the correct form. (*See* doc. 5.) He was also advised that if he did not intend to file a § 2254 petition in federal court, and was seeking relief in the Texas Court of Criminal Appeals, he could file a notice voluntarily dismissing this federal case within 30 days. (*See id.*) Petitioner elected to proceed with this § 2254 action and filed a § 2254 petition on the appropriate form. (*See* doc. 13.)

**SIGNED this 7th day of March, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE